DAVID L. VINCENT, d. b., *vs.* FANNIE G. IRELAND, p. b.

*Appeal—Assumpsit—Contract—Married Woman—Husband and Wife—Nonsuit—Statute—Construction of.*

1. A married woman in this State is still under such common-law disabilities as have not been removed by statute.

2. By the act of 1873 a married woman's personal property, acquired from any person other than her husband, is made her sole and separate property. Where it is proved that personal property belongs to a married woman, it is not necessary for her to prove that she did not acquire it from her husband. In such case the general rule should prevail, that he who asserts an affirmative should prove it. Where there is no direct proof upon the point, the jury may draw their own conclusions from such proof as they have, as to the ownership of the property and how it was acquired.

3. A married woman has the right to make such use of her private property as will bring profit and benefit to her. And her rights and privileges conferred by the statute have not been made dependent upon her living separate from her husband. Although living with her husband she may receive for her own use and sue for in her own name, the wages of her personal services, provided they are not rendered for or in connection with her duties in the family of her husband, and are not inconsistent with the performance of such duties.

4. There may be circumstances under which a married woman, although living with her husband, who has the general management and control of his house, and is the head of the family, may maintain an action in her own name for the board and lodging of a person living in the house of the husband, or for personal services rendered to such person. But if the boarder is under an express or implied agreement with the husband to pay him for the board, and the wife's services relate to the usual entertainment of the boarder, the husband and not the wife would be the proper person to sue for the board, which included the wife's services.

*(April 30, 1900.)*

Superior Court, Kent County, April Term, 1900.

Judges SPRUANCE, GRUBB and BOYCE sitting.

*Henry Ridgely, Jr.,* for defendant below.

*Robert H. Van Dyke* for plaintiff below.

ACTION OF ASSUMPSIT. Appeal from a Justice of the Peace. (No. 2, April Term, 1899).

The action was brought to recover under a special contract for boarding the defendant from November, 1895, to May, 1896, at seven dollars per month, which contract was made by the defendant and the plaintiff, while the latter was living with her husband. There was also a claim on the part of the plaintiff for personal services rendered the defendant in washing and mending his clothing during the time specified, no amount having been agreed upon between the parties as to the value of such services.

When the plaintiff had rested, Mr. Ridgely on behalf of defendant moved for a nonsuit on the ground that the action was brought by a married woman to recover on a contract made during her marriage, and did not fall within any of the provisions of the married woman's act,—*Rev. Code, 600 ; Valentine vs. Tantum, 7 Houst., 402.*

*Mr. Van Dyke,* for plaintiff, contended that the wife had a right to recover for washing and mending which she had proved she did for the defendant, as the statute gives the wife the right to recover for her own personal labor; and that as to the board, the husband when approached by the defendant concerning the matter of boarding, refused to make any contract with the defendant, but referred him to Mrs. Ireland, the plaintiff, to make such arrangements as she saw fit to make. That the services rendered both in the matter of mending and washing, keeping the room in order for the defendant and other work connected with the boarding of him, constituted no part of the duty of the wife to her husband, that therefore she could recover therefor in an action brought in her own name.

SPRUANCE, J.: —We decline to grant the nonsuit, but will hear the question now raised discussed before charging the jury.

SPRUANCE, J., charging the jury:

Gentlemen of the jury:—This action was brought by a married woman, who, it is admitted, during the period that the cause of action is alleged to have arisen, was living with her husband.

At common law, a married woman was under many disabilities. Upon her marriage, her personal property became the property of her husband, and she could not make a contract or maintain an action at law in her own name.

Many of these disabilities have been removed by statutes, the first of which was passed in 1865. She is, however, still under such common-law disabilities as have not been removed by statute.

The act of April 9, 1873, as amended (*Rev. Code, 600*), has an important bearing upon the present case. Your attention is called to the following provisions of said act:

" SECTION 1. That the real and personal property of any married woman, which has been heretofore acquired, is now held, or which she may hereafter acquire in any manner whatsoever, from any person other than her husband, shall be her sole and separate property, and the rents, issues and profits thereof shall not be subject to the disposal of her husband, nor liable for his debts." * * * *

" SECTION 3. That any married woman may receive the wages of her personal labor not performed for family, maintain an action therefor in her own name, and hold them in her own right against her husband or any other person;" * * * * * * * *

" SECTION 4. That any married woman may prosecute and defend suits at law or in equity for the preservation and protection of her property as if unmarried, or may do it jointly with her husband, but he alone cannot maintain an action respecting his wife's property; and it shall be lawful for any married woman to make any and all manner of contracts necessary to be made with respect to her own property, and suits may be maintained on such contracts as through the party making them was a *femme sole*."

You will observe that by section 1, a married woman's personal property, acquired from any person other than her husband, is made her sole and separate property. Where it is proved that

personal property belongs to a married woman, it is not necessary for her to prove that she did not acquire it from her husband. In such cases the general rule should prevail, that he who asserts an affirmative should prove it. Where there is no direct proof upon the point, the jury may draw their own conclusions from such proof as they have, as to the ownership of the property and how it was acquired.

The protection which the statute affords to a married woman's property does not extend to such as she has acquired from her husband.

By section 4, she is enabled, in her own name alone, to prosecute and defend suits at law for the preservation and protection of her separate property. With proper regard for her domestic duties, she has the right to make such use of her separate property as will bring profit and benefit to her. By section 4 she is enabled, in her own name, to make contracts necessary to be made with respect to her own property, and to maintain suits on such contracts.

By section 3 she is enabled to receive the wages of her personal labor not performed for her husband's family, and to sue for the same in her own name.

These rights and privileges of a married woman have not been made by the statute dependent upon her living separate from her husband, and it is admitted by the defendant that a married woman, although living with her husband, may receive for her own use, and sue for in her own name, the wages of her personal services, provided they are not rendered for or in connection with her duties in the family of her husband and are not inconsistent with the performance of such duties.

There has been much controversy between counsel as to whether the services sued for were rendered by the plaintiff in discharge of her family duties.

The family duties of a wife vary with the occupation, fortune and station of her husband.

The duties of the wife of a tenant farmer would be different

from those of the wife of an innkeeper or boarding-house keeper.

There would be no duty on the part of the farmer's wife to perform for a stranger, not an employee or guest of her husband, services such as are alleged to have been performed by the plaintiff for the defendant; and if such services were in fact rendered, in the absence of any express promise, the law would imply a promise to pay for the same what they were worth.

It is contended by the plaintiff that as to the greater part of these services there was an express contract between her and the defendant, and that this contract was made with her husband's express consent. If that was so, the making of such a contract by the wife or the performance of her part under it could not be considered an encroachment upon her husband's rights.

The defendant asks us to charge you, " 1. That a married woman, living with her husband, who had the general management and control of his house, and was the head of his family, cannot maintain an action in her own name for board and lodging at the home of her husband."

This proposition is too general, and we cannot so charge.

There may be circumstances under which a married woman so situated might in her own name maintain such an action : For example, where the husband is not engaged in the business of keeping a house of entertainment, and consents to his wife's keeping boarders, and she performs all the services and furnishes from her separate property all the materials used.

The defendant also asks us to charge you, " 2. That a married woman, living with her husband, who has the general management and control of the house, and who is the head of the family, cannot maintain an action in her own name for personal services rendered in the course of her usual household duties to a person boarding in the house of her husband, without an express contract."

This requires some qualification. Where the boarder is under an express or implied agreement with the husband to pay him for the board, and the wife's services related to the usual entertainment

of the boarder, the husband and not the wife would be the proper person to sue for the board which included the wife's services, but if her services did not belong to the usual entertainment of a boarder, but were additional services, such as making, mending or washing the clothes of the boarder, she might maintain an action in her own name for such services without an express contract.

The plaintiff asks us to charge as follows: "1. That if you believe from the evidence that the plaintiff rendered a valuable service to the defendant in washing, mending and sewing for him, with her husband's consent, the law will imply a contract therefor (where one is not expressed) and she may recover the value thereof in an action in her own name."

"2. That a married woman though living with her husband on a farm leased by him, may recover on a contract made with the defendant for boarding him, with her husband's consent, where the labor was performed by her and the articles consumed were her separate property."

"3. That a married woman may recover the just value of her personal services rendered under a contract for boarding defendant, where such contract was made with the consent of the husband."

"4. That if the jury believe from the testimony that the materials used in boarding this defendant were furnished by the plaintiff and were her separate property, she may recover the value thereof in this action."

We think that these prayers are substantially correct, but as we have already fully considered the various questions of law applicable to this case, further comment is unnecessary.

Verdict for plaintiff below for $46.00.